IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD CLAUDIO,  :
      Plaintiff  :
      v.  :  CIVIL NO. 3:CV-11-1052
        :
UNIT MANAGER FARLEY, ET AL.,  :  (Judge Conaboy)
      Defendants  :

FILED
SCRANTON
JUL 3 1 2012
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Richard Claudio (Plaintiff), an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan), filed this *pro se* civil rights action. By Order dated December 29, 2011, a second civil rights complaint filed by claudio was consolidated into this action pursuant to Federal Rule of Civil Procedure 42(a).

Named as Defendants in Claudio's Original Complaint are Unit Manager Al Farley and Correctional Officer Gedrige, both of who are described as being employed at USP-Canaan. Also listed as Defendants are various unknown members of the USP-Canaan staff.[1]

---

1. John Doe defendants may only be allowed "to stand in for the alleged real parties until discovery permits the intended defendants to be installed." Johnson v. City of Erie, 834 F. Supp. 873, 878 (W.D. Pa. 1993) (citations omitted). Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them. Scheetz v. Morning Call, Inc., 130 F.R.D. 34, 37 (E.D. Pa. 1990) ("Fictitious parties must eventually be
(continued...)

1

Farley, Gedrige and unidentified correctional staff are similarly listed as Defendants in the Consolidated Complaint.

According to the Original Complaint, Plaintiff was involved in a verbal confrontation with Case Manager Koehn regarding the placement of a legal call while housed at USP-Canaan on April 24, 2011. Unit Manager Farley purportedly overheard the verbal dispute from his nearby office. When Plaintiff exited from Koehn's office, he was allegedly attacked by Farley and Correctional Officer Gedrige. As a result of the assault, Plaintiff claims that he suffered broken ribs, bruised eyes and other injuries. Plaintiff requests an award of compensatory and punitive damages as well as injunctive relief.

Defendants responded to the Original Complaint by filing a motion to dismiss or for summary judgment. See Doc. 17. The motion asserted that Plaintiff failed to exhaust his available administrative remedies.

Plaintiff's Consolidated Complaint also asserts excessive force claims stemming from an incident which occurred on or about April 25, 2011. Claudio again claims that on said date he was assaulted by Farley and Gedrige after requesting to place a legal call. His Consolidated Complaint likewise seeks monetary damages and injunctive relief.

In response to the Consolidated Complaint Defendants filed a motion to dismiss or for summary judgment which also argued

---

1. (...continued)
dismissed, if discovery yields no identities.").

entitlement to relief on the basis that Claudio failed to exhaust his available administrative remedies. See Doc. 32. Plaintiff has not responded in any manner to either of the Defendants' pending dispositive motions. Consequently, those motions will be deemed unopposed.

## Discussion

**Motion to Dismiss**

Defendants' pending dispositive motions are supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying the Defendants' motions. Thus, their motions will be treated as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing "is sufficient to place the parties on notice that summary judgment might be entered.")

**Summary Judgment**

Defendants assert that they are entitled to entry of summary judgment on the grounds that Plaintiff failed to exhaust his

3

administrative remedies with respect to many of his pending claims. As previously noted, the motions are unopposed.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see

4

also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Failure to Exhaust**

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to
> prison conditions under Section 1979 of
> the Revised Statutes of the United States
> (42 U.S.C. 1983), or any other federal
> law, by a prisoner confined in any jail,
> prison, or other correctional facility
> until such administrative remedies as are
> available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001); see also Porter v. Nussle, 534 U.S. 516, 529-532 (2002). The Third Circuit Court of Appeals in Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), held that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead." See also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that he has exhausted administrative remedies). Rather, it is the burden of a defendant asserting the

defense to plead and prove it; Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997).

Entry of summary judgment is appropriate when a prisoner litigant has failed to exhaust his available administrative remedies before bringing a civil rights action. See generally Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

The United States Supreme Court in Jones v. Bock, 127 S.Ct. 910, 923 (2007), stated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit Court of Appeals, a procedural default rule "prevents an end-run around the exhaustion requirement." Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is

mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond." See 28 C.F.R. § 542.18.

If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. See 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed (step three) on the appropriate form (BP-11) to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

In support of their non-exhaustion argument, Defendants note that in his Original Complaint, Claudio acknowledges that he did not exhaust his administrative remedies because it would be futile to do so because he is seeking monetary damages. Based on a review of the Original Complaint, this Court concurs that Plaintiff admits to non-exhaustion on the basis of futility. See Doc. 1, p. 3.

With respect to the Consolidated Complaint, Plaintiff asserts therein that he failed to seek administrative relief because he had not yet received an incident report. Respondents assert that based on his prior initiation of administrative grievances, Claudio "has shown that he knew that he could file an administrative remedy without first being issued incident report." Doc. 34, p. 10.

The Defendants have also submitted a declaration under penalty of perjury by BOP Paralegal Specialist Susan Albert. See Doc. 18-1, Exhibit 1. Sullivan states that based upon a search of the BOP computerized records, "Claudio filed five (5) administrative remedies all of which were voided or rejected and none of which addressed the issues he raised in his complaint." Id. at ¶ 4.[2]

Based upon a review of the undisputed record, the Court concurs with Defendants' contention that Claudio did not exhaust his administrative remedies regarding the similar allegations

---

2. In support of the motion seeking dismissal of the Consolidated Complaint, Albert filed a similar declaration reiterating that Claudio had not sought administrative relief regarding any of his pending allegations regarding being assaulted on either April 24 or 25, 2011 and adding only that Plaintiff had now filed six (6) unrelated administrative grievances. See Doc. 33-1.

8

underlying his Original and Consolidated Complaints. Furthermore, since Plaintiff was mandated to comply with the exhaustion requirement regardless of the type of relief that he was seeking, his vague argument that exhaustion was futile because he was seeking monetary relief is baseless. Likewise, his argument that he did not seek administrative relief because he was not yet issued an incident report is clearly undermined by the fact that the prisoner previously sought administrative relief regarding issues for which he was not issued an incident report and his failure to show that the BOP's administrative remedy procedure included such a requirement.

Accordingly, summary judgment will be granted in favor of Defendants on the grounds that Plaintiff failed to exhaust his administrative remedies prior to the initiation of this action. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: JULY 31st, 2012